IN THE UNITED STATES DISTRICT COURT
FOR
THE DISTRICT OF PUERTO RICO

| | | |
|---|---|---|
| **PATRICIA GUEVARA-BARISKA, DANIEL GUEVARA-BARISKA, DAVID GUEVARA-BARISKA,** a disabled adult, individually and also herein represented by his mother and legal representative, **RUTH SILOVIC**, individually and as legal representative of **DAVID GUEVARA-BARISKA,** | * * * * * * * | CIVIL NO: _____ ACTION FOR: |
| Plaintiffs, | * * | Negligence and damages |
| v. | * | |
| **PUERTO RICO ELECTRIC POWER AUTHORITY; INSURANCE COMPANY A; JOHN DOE AND RICHARD ROE,** | * * | Jury trial is requested |
| Defendants. | * | |
| _____ | * | |

**COMPLAINT**

TO THE HONORABLE COURT:

COME NOW plaintiffs, through their undersigned attorney and respectfully state, allege, and pray:

**JURISDICTION AND VENUE**

1. The jurisdiction of the Honorable Court is herein invoked due to the

1

diversity of citizenship of all plaintiffs and defendants pursuant to 28 USC 1332. Venue is proper insofar as all the acts complained of herein occurred within the Commonwealth of Puerto Rico. The amount in controversy claimed in this complaint exceeds $75,000.00, exclusive of interests, costs and attorneys' fees.

## PARTIES

2. The parties are:

   (i) Plaintiffs:

      a. Patricia Guevara-Bariska, of legal age, single, employee and resident of Phoenix, Arizona.

      b. Daniel Guevara-Bariska, of legal age, single, employee and resident of Phoenix, Arizona.

      c. David Guevara-Bariska, of legal age, single, disabled and resident of Phoenix, Arizona, individually and herein also represented by his mother and legal representative Ruth Silovic.

      d. Ruth Silovic, of legal age, married, housewife and resident of Phoenix, Arizona, individually and also as legal representative of David Guevara-Bariska.

   (ii) Defendants are:

      a. The Puerto Rico Electric Power Authority, a public corporation of the Commonwealth of Puerto Rico which provides electricity to its clients on the Island of Puerto Rico and is authorized by law to sue and be sued, before the

Honorable Court.

  b.  Insurance Company A, is a presently unknown entity that at relevant times in this case had issued and in effect an insurance policy or contract of insurance that covers the acts herein complained of.

  c.  John Doe and Richard Roe are other persons and/or entities presently unknown that are responsible to plaintiffs for the damages requested in this complaint.

## **FACTS**

3. Plaintiffs are the daughter, two sons, and mother of the other plaintiffs, respectively, the latter being the former spouse of decedent José Manuel Guevara-Muñoz (hereinafter also referred to as "Mr. Guevara") who passed away on April 27, 2013 when he was electrocuted, as further described herein below.

4.  On April 27, 2013, Mr. Guevara was 63 years old and was engaged in certain construction work at the premises of IFCO Recycling Corp., at Gurabo, Puerto Rico (hereinafter also referred to as "IFCO"), close to PR Road 189 and adjacent to the athletic field of Universidad del Turabo.

5. On April 27, 2013, at approximately 2:00 in the afternoon, Mr. Guevara, an employee and officer of a company called MIS Specialist Services LLC, a subcontractor of Bellagio Corp., the latter of which had been contracted by IFCO for a certain construction project at Gurabo, Puerto Rico.  Along with other employees, Mr. Guevara was engaged in pouring concrete unto an internal street under

construction within IFCO's premises.  While doing so, Mr. Guevara lifted from the ground a tool, commonly called a seagull ("*gaviota*" in Spanish), a type of metal rake used to level concrete after it has been poured in place.  As Mr. Guevara lifted the seagull, its metal shaft contacted a high voltage electricity cable installed above the street and which belonged to  defendant Puerto Electric Power Authority.  As the seagull shaft contacted the high voltage cable, there occurred an explosion.  High voltage electric current then passed down the seagull shaft into and through Mr. Guevara's body, electrocuting him and causing his immediate death.

6. At the time of the accident, PREPA's high voltage cable was placed by PREPA  significantly below the required minimums for such cables, creating an imminent hazard and danger of death.

7. The afore mentioned high voltage cable belongs to defendant PREPA and conducts a distribution voltage considered in the electricity generation industry as "High Voltage"

8.  The previously described accident occurred solely due to defendant PREPA's negligence in maintaining a dangerous condition which could cause, as it did in the instant case, death, or serious injury at a place where persons, automobiles, trucks, other equipment and vehicles commonly pass.

9.  The PREPA high voltage cable involved in this case, conducts thousands of volts of electricity, was totally exposed, and will cause death and/or serious physical injury to any person who comes in contact with it.

10. PREPA has the duty and obligation of maintaining its high voltage cables at a height which the applicable regulations, guidelines and laws require. This height is extremely important as a precautionary and preventive safety measure. In failing to abide by its duty, PREPA incurred in negligence. If, as in this case, damages are caused to third parties, PREPA has the obligation of compensating the victims, their families and whomever suffered damages as a result thereof. In this case, PREPA was negligent in maintaining the high voltage cable at a height lower than what its own regulations, guidelines and other applicable laws require.

11. It was totally foreseeable that if PREPA's high voltage cables were not placed at the required height, an accident might occur that, as in the instant case, caused death to a person. The Puerto Rico Police Department investigated this accident the day it occurred and rendered an investigation report. Upon information and belief, defendant PREPA also conducted an investigation of this accident immediately thereafter.

12. The immediate, direct and sole cause of the accident herein above described which resulted in Mr. Guevara's death and the moral, emotional and mental damages caused to plaintiffs herein, to wit, his daughter, sons, former spouse and mother of the other plaintiffs, was PREPA's negligence.

13. As a result of Mr. Guevara's tragic death, his daughter Patricia Guevara-Bariska, his sons Daniel and David Guevara-Bariska, and his former spouse and mother of his sons and daughter, have suffered and will continue to suffer severe

moral, emotional and mental anguish. The decedent's sons and daughter have experienced many episodes of sudden uncontrolled crying, severe depression, and anxiety. They are fearful, have lost sleep, feel insecure and cannot rest well. They often relive the moment of their father's death as if it was happening to them, are frequently very sad and feel a great sense of irreparable loss.

14. Plaintiffs maintained a very close and intimate relationship with the decedent, their father, Mr. Guevara. They lived together for many years and later, after his divorce from co plaintiff Ruth Silovic in 1996, Mr. Guevara often spoke to all of them over the telephone and met with them as frequently as he could. They spent many happy times together, were very glad to be with their father and looked forward to seeing him as many times as they all could.

15. David Guevara-Bariska is disabled, has a mild mental impairment and, though an adult, was very emotionally dependent on his father, Mr. Guevara, in many ways. They both shared a common interest and love for horses and horseback riding, an activity which they enjoyed many times when they were together. David Guevara's mother, Ruth Silovic, is his legal representative. Her maiden name is Ruth Bariska and her present married name is Ruth Silovic. Even after her divorce from Mr. Guevara, Ruth Silovic always maintained a good relationship with Mr. Guevara due to the fact that they had three children together, one of which is disabled and presently resides with her. When Ruth Silovic learned of Mr. Guevara's sudden and tragic death, she also became very despondent and

sad because they had for many years maintained a good relationship. She became extremely anxious because from then on, she realized that she would have sole responsibility for the care and well being of plaintiff David Guevara Bariska without any further of Mr. Guevara's advice and assistance. She has also been very emotionally distraught at having to observe her son, David Guevara Bariska experience the tragic loss of his father and sharing in his grief.

    16.  Article 1802 of the Puerto Rico Civil Code (31 L.P.R.A. §5141) provides that whomever causes damages to a third party through fault or negligence, is obligated to compensate the victims for the damages caused.

    17.  Plaintiffs mental and moral damages resulting from PREPA's negligence as afore stated are valued in an amount in excess of one million dollars ($1,000,000.00) for each plaintiff.

    18.  The Honorable Court should grant the relief requested in the instant complaint and order the defendant PREPA, any other presently unknown defendants and Insurance Company A jointly, to pay plaintiffs an amount in excess of one million dollars ($1,000,000.00) to each plaintiff, as well as interest, costs, litigation expenses, attorney's fees and any other relief that is proper in equity or at law.

    19.  Plaintiffs demand trial by jury in this case.

    WHEREFORE, plaintiffs respectfully request that the Honorable Court grant the relief requested in this complaint and enter judgment ordering the defendants

PREPA, unknown defendants John Doe and Richard Roe, and Insurance Company A to pay jointly, to plaintiffs an amount in excess of $1,000,000.00 to each plaintiff, as well as interest, costs, litigation expenses, attorney's fees and any other relief that is proper in equity or at law.

In San Juan, Puerto Rico, this 6th day of February 2014.

> S/FERNANDO L. GALLARDO
> USDC PR #114609
>
> PO BOX 193600
> SAN JUAN, PUERTO RICO 00919-3600
>
> TEL: (787) 759-7600
> FAX: (787) 758-7162
> CEL: (787) 550-8460
> E MAILS: woodsandwoods@prtc.net
>           flga62@yahoo.com